FILED
JUL 0 2 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2151-FL

| | | |
|---|---|---|
| CHARLES GENE RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RENOICE STANCIL, | ) | |
| | ) | |
| Respondent. | ) | |

On December 3, 2009, petitioner Charles Gene Rodgers filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 29, 2010, the court dismissed the petition without prejudice pursuant to 28 U.S.C. § 2244(b)(3)(A) because petitioner had not received authorization to file his second or successive action from the Fourth Circuit Court of Appeals. The matter now is before the court on petitioner's motion for reconsideration (DE # 5) of this court's dismissal of his petition. For the following reasons, petitioner's motion is denied.

Although petitioner classifies his motion as a motion for reconsideration, the court treats it as a motion under Federal Rule of Civil Procedure 60(b). See In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992); Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). A movant first must demonstrate that he acted promptly, that he has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262,

264 (4th Cir. 1993). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266.

Petitioner argues that he should be permitted to proceed with his successive § 2254 petition because § 2244(b)(2) allows a petitioner to proceed on a claim if the factual predicate of the claim previously could not have been discovered through the exercise of due diligence. Petitioner argues that he is able to satisfy the requirements of § 2244(b)(2). It is not for this court to decide whether petitioner's claim meets this standard, however, as § 2244 provides that a successive application may not be filed in the district court without authorization from the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies the[] requirements [of § 2244(b)(2)] must be made by a court of appeals."). Petitioner has not demonstrated that he sought authorization from the Fourth Circuit Court of Appeals to file a successive application. Therefore, petitioner has not met the requirements of § 2244(b)(3)(A), and has not demonstrated a meritorious claim or defense to set aside the court's judgment. Petitioner's motion pursuant to Rule 60(b) is DENIED.

SO ORDERED, this 29th day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge